UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-mc-00002-FDW-DSC

| | |
|---|---|
| DARREN L. JOY, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) INTERNAL REVENUE SERVICE, and ) PARICIA NELSON, *Revenue Agent*, ) ) Respondents. ) ) | ORDER |

**THIS MATTER** is before the Court on Respondents' Motion to Dismiss Petition to Quash IRS Third-Party Summons and Counter-Petition for Summary Enforcement of IRS Summons. (Doc. No. 2). Petitioner filed his Pro se Petition to Quash January 4, 2017. (Doc. No. 1). Respondents moved to dismiss the Petition for lack of subject matter jurisdiction and failure to state a claim on March 9, 2017, and also counter-petitioned for summary enforcement of the contested summons. (Doc. No. 2). Because Petitioner appears pro se, the Court issued a Roseboro[1] notice (Doc. No. 3) advising Petitioner of his right to respond to Respondents' Motion and Counter Petition. Petitioner filed his response May 2, 2017 (Doc. No. 4), and Respondents filed their reply May 8, 2017. (Doc. No. 5). This matter is now ripe for review. For the reasons set forth, Respondents' Motion to Dismiss and Counter-Petition (Doc. No. 2) are GRANTED.

---

[1] The specific language of Roseboro addressed the responsive burden for a pro se party in the context of a motion for summary judgment. Nevertheless, courts routinely issue Roseboro notices for motions to dismiss, and the Court does so here. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) ("We agree with the plaintiff, however, that there is another side to the coin which requires that the plaintiff be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."); see also Norman v. Taylor, 25 F.3d 1259, 1261 (4th Cir. 1994).

## I. BACKGROUND

Internal Revenue Service ("IRS") Special Agent Patricia Nelson ("SA Nelson") issued a summons to Wells Fargo on December 2, 2016, requesting Petitioner Joy's credit records, public records, and employment records for years 2011 through 2016 as part of an investigation of Petitioner based upon his failure to pay federal income taxes for the years 2011 through 2016. (Doc. No. 2). According to SA Nelson, the IRS requires the summoned materials to investigate Petitioner's tax liabilities, and the IRS does not otherwise have access to the records. (Doc. No. 2-1). Petitioner was notified of the summons on December 2, 2016, via United States Mail. (Doc. No. 2-1). The summons directed its response on January 6, 2017; however, Wells Fargo has yet to provide the requested records or exercise its right to intervene in this proceeding. (Doc. No. 2). Additionally, no referral for criminal prosecution to the Department of Justice has been made. (Doc. No. 2-1).

## II. STANDARD OF REVIEW

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of claims against all respondents where the Court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject matter jurisdiction may be raised at any time either by the litigant or the court because "determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure." Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). In considering a 12(b)(1) challenge, "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. Unlike a 12(b)(6) motion "where there is a presumption reserving the truth finding roles to the ultimate factfinder, the court in a 12(b)(1) hearing weighs the evidence to determine its jurisdiction." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). "The court

should grant the Rule 12(b)(1) motion only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter if law." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999) (citations omitted).

In order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a petition to quash "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [petitioner] pleads sufficient factual content that allows the court to draw the reasonable inference that the [respondent] is liable for the misconduct alleged." Iqbal, 129 S. Ct. At 1949 (citing Twombly, 550 U.S. at 556). While the Court accepts plausible factual allegations in the petition to quash as true and considers those facts in the light most favorable to a petitioner in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

### III. DISCUSSION

Respondents argue the Court lacks subject matter jurisdiction over Joy's Petition to Quash because it is untimely. (Doc. No. 2). The resolution of whether or not Joy's Petition was timely is governed by 26 U.S.C. § 7609(b)(2)(A). That statute provides that a suit to quash a third party summons must be brought within twenty (20) days of notice of the summons. See 26 U.S.C. § 7609(b)(2)(A). Subsection (a)(2) of section 7609 specifies that notice is sufficient if it is personally served upon or mailed by certified or registered mail to the last known address of the person entitled to notice. As a waiver of sovereign immunity, 26 U.S.C. § 7609 must be strictly construed because "the terms of [the Government's] consent to be sued . . . define that Court's jurisdiction

3

to entertain the suit." See United States v. Mitchell, 445 U.S. 535, 538 (1980) (citations omitted). The wording of the statute is clear and unambiguous. Section 7609(b)(2)(A) mandates that the notice be given in the manner provided for in subsection (a)(2) and subsection (a)(2) expressly provides that notice is sufficient if mailed by certified or registered mail to the last known address of the person entitled to notice. Thus, the notice contemplated in section 7609 is given on the date it is mailed. See Berman v. United States, 264 F.3d 16, 19 (1st Cir. 2001); see also Stringer v. United States, 776 F.2d 274, 275 (11th Cir. 1985).

Respondents submitted evidence that the contested summons was issued, and Petitioner was mailed notices thereof, on December 2, 2016. (Doc. No. 2-1). The Petition to Quash was not filed until January 4, 2017, clearly over twenty (20) days from the time of notice to the Petitioner of the contested summons, and Petitioner does not dispute this fact. Since no genuine issue of fact exists as to whether the Petition is timely, the Court GRANTS Respondents' Motion to Dismiss (Doc. No. 2) because it lacks subject matter jurisdiction over the Petition.

The Court does, however, have jurisdiction to decide Respondents' Counter-Petition for Summary Enforcement. (Doc. No. 2). Jurisdiction to determine questions of enforcement is granted independently from jurisdiction to determine a petition to quash. See 26 U.S.C. § 7604(a), 7609(h). Accordingly, the Court GRANTS Respondents' Counter-Petition for Summary Enforcement. Specifically, Respondents have made a prima facie case for enforcement, and Petitioner does not assert sufficient grounds for quashing the summons.

To enforce the summons, Respondents must show that the summons was (1) issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already in the IRS's possession; and (4) satisfied all administrative steps required by the Internal Revenue Code. See U.S. v. Powell, 379 U.S. 48, 57-8 (1964); Alphin v. U.S., 809 F.2d 236, 238

(4th Cir. 1987). "The sole reason for . . . permitting a taxpayer to intervene . . . is to ensure that the IRS has issued the summons for proper investigatory purposes and not for some illegitimate purpose." United States v. Kis, 658 F.2d 526, 535 (7th Cir. 1981). The Government's burden at this stage of the summary proceeding is a light one. Connor v. U.S., 434 F.3d 676, 680 (4th Cir. 2006). Indeed, the IRS need only present "an affidavit of an agent involved in the investigation averring the Powell good faith elements" in order to establish a prima facie case for enforcement of a civil summons. Id. (quoting Alphin, 809 F.2d at 238). If the government succeeds in establishing a prima facie case for enforcement, the burden shifts to the party challenging the summons. See id. at 680. Unlike the slight burden shouldered by the government, the burden on the challenging party is a heavy one. Hintz v. Internal Revenue Service, 879 F.2d 121, 125 (4th Cir. 1989) (overruled on other grounds). The petitioner must "disprove[e] the actual existence of a valid civil tax determination or collection purpose." Id. at 126.

SA Nelson's affidavit establishes a prima facie case for enforcement. (Doc. No. 2-1). Since a prima facie case is established, the burden shifts to Petitioner to show the summons should not be enforced. To meet his burden, Petitioner argues (1) he was not periodically given notice of any and all persons contacted by the IRS in violation of 26 U.S.C. Section 7602(c)(2); and (2) the contested summons was issued while a referral for criminal prosecution to the Department of Justice was pending in violation of Section 7602(d)(2)(A). (Doc. No. 1).

Petitioner's first argument fails because he does not dispute that he received notice of the contested summons. (Doc. No. 4). 26 U.S.C. Section 7602(c)(2) does not require Respondents to notify Petitioner of the issuance of a summons when Petitioner already had such notice pursuant to section 7609(a)(1). See Peterson v. United States, No. 2:11-cv-3064-JD, 2012 WL 682346, at *4 (E.D. Pa. Mar. 2, 2012); see also 26 C.F.R. § 301.7602-2(e)(3). Petitioner's second argument

also lacks merit. (Doc. No. 2). No referral has been made to the Department of Justice in violation of Section 7602(d)(2)(A). (Doc. No. 2-1). Accordingly, Petitioner has failed to meet his burden to show that the summons should not be enforced.

## IV. CONCLUSION

Respondents' Motion to Dismiss Petition to Quash and Counter-Petition for Summary Enforcement (Doc. No. 2) are GRANTED. Petitioner Joy's Petition to Quash (Doc No. 1) is DISMISSED and the Third-Party Wells Fargo is ORDERED to COMPLY with the Summons. The Clerk is respectfully DIRECTED to TERMINATE the case.

IT IS SO ORDERED.

Signed: May 19, 2017

Frank D. Whitney
Chief United States District Judge